**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| **JUSTIN JAMAL JOSEPH,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **V.** | : | **NO. 4:26-cv-00534-CDL-CHW** |
| | : | |
| **GREGORY COUNTRYMAN,**[1] | : | |
| | : | |
| **Respondent.** | : | |
| _____ | : | |

## ORDER

Petitioner Justin Jamal Joseph, who is currently in the Muscogee County Jail in Columbus, Georgia, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction in the Superior Court of Muscogee County. ECF No. 1. Petitioner has not either paid the filing fee for this case or moved for leave to proceed *in forma pauperis*. Petitioner is, therefore, **ORDERED** to either pay the $5.00 filing fee or move to proceed *in forma pauperis* by filing "the affidavit required by 28 U.S.C. § 1915,

---

[1] Petitioner listed the State of Georgia as the respondent. ECF No. 1 at 1. As the person with custody over Petitioner, the proper respondent in this case is Muscogee County Sheriff Gregory Countryman. *See* 28 U.S.C. § 2242 (providing that the proper respondent to a petition for a writ of habeas corpus is "the person who has custody over [the petitioner]"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (explaining that a petitioner's custodian "is 'the person' with the ability to produce the prisoner's body before the habeas court"). Accordingly, the style of this case has been corrected to show Sheriff Countryman as the respondent. *See Jackson v. Chapman*, 589 F. App'x 490, 491 n.1 (11th Cir. 2014) (per curiam) (recognizing the district court's *sua sponte* substitution of the proper respondent in a habeas action and citing *West v. Louisiana*, 478 F.2d 1026, 1029 (5th Cir. 1973), for the proposition that "denial of a habeas petition for failure to name the proper respondent 'would give an unreasonably narrow reading to the habeas corpus statute'"). The Clerk is **DIRECTED** to correct the docket accordingly.

and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the [prison]." Habeas Corpus R. 3(a)(2).

Petitioner shall have **FOURTEEN (14) DAYS** from the date of this order to either pay the filing fee or move for leave to proceed *in forma pauperis*, and his failure to do so may result in dismissal of this action. Also, Petitioner must keep the Court informed of any address change and his failure to do so may result in dismissal of his action. The Clerk of Court is **DIRECTED** to forward the appropriate financial forms (with the civil action number written on them) to Petitioner along with a copy of this Order.

SO ORDERED and DIRECTED, this 22nd day of May, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

2